[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO SUPPRESSEVIDENCE THAT FOOTPRINTS AT CRIME SCENE WERE CONSISTENTWITH, BUT NOT LIMITED TO FOOT JOY MAKE.
On June 19, 1987, Kenneth Zercie, an expert in the field of examining, interpreting and analyzing footwear pattern impressions, who was a certified latent print examiner employed by the State Police Forensic Science Laboratory, issued an "Imprint Reconstruction" report to Lt. Hiltz of the State Police Western District Major Crime Squad.
In this report, Mr. Zercie states the following conclusion:
 Photographic enhancement (photograph #11) of photograph #10 revealed at least six (6) areas of footwear-type impressions. Five (5) of the impression areas appear to have a pattern design similar to, but not limited to, the sole pattern of a `Foot Joy' court-type athletic footwear (photograph #12).
It is clear from this report and from his oral testimony, that among the items Mr. Zercie examined prior to reaching his conclusion, were photographically enhanced photos of footwear-type impressions found at the crime scene, reference catalogues depicting various sole patterns, and product literature.
Mr. Zercie's reference materials were in his files prior to the occurrence of this crime and he used those materials in his day to day work as an imprint examiner.
In addition to the above described items used in forming his opinion, Mr. Zercie also used several items that had been obtained as a result of a search and seizure warrant that was later determined to be illegal. These items were footprints on the defendant's fishing vest, footwear impressions from the defendant's van, and photos of the defendant wearing Foot Joy sneakers.
The court was impressed by Kenneth Zercie's candor and straightforwardness in answering questions, and believes his testimony that the basis of his opinion and conclusion quoted above was a comparison of the known standards he found in his reference files with the imaging depicted in the two dimensional photographs of the three dimensional impressions from the scene of the CT Page 6746 crime, and not the illegally obtained evidence or the fruits thereof.
The court finds the State has proved by a fair preponderance of the evidence that Mr. Zercie's opinion was based on information and evidence that was entirely separate from and not the result of an illegal search and seizure.
The motion is denied.
RICHARD A. WALSH, J.